

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,432-02

### IN RE STATE OF TEXAS EX REL. KEN PAXTON, Relator

**ON MOTION FOR LEAVE TO FILE A WRIT OF MANDAMUS
IN RELATION TO DALLAS COUNTY CASE OF EX PARTE WESLEY RUIZ,
POTTER COUNTY CASE OF EX PARTE JOHN LEZELL BALENTINE,
HARRIS COUNTY CASE OF EX PARTE ROBERT ALAN FRATTA, and
HARRIS COUNTY CASE OF ARTHUR BROWN JR.
TRAVIS COUNTY**

*Per curiam*. YEARY, J., concurs. NEWELL, J., dissents.

### O P I N I O N

We have before us a motion for leave to file an application for writ of mandamus

filed by the Honorable Ken Paxton, Attorney General of the State of Texas. Therein, he

asks this Court to order the Honorable Catherine Mauzy, Judge of the 419th District Court

of Travis County to vacate the Temporary Injunction she issued this day regarding the

executions of the above named inmates.[1]

These inmates were all convicted of capital murder and sentenced to death in their respective counties. This Court affirmed each of the separate convictions and sentences on direct appeal and issued mandate. Plus, each of the inmates have filed Texas Code of Criminal Procedure Article 11.071 writs of habeas corpus in their respective convicting courts over the years. All of the writs were ultimately denied or dismissed by this Court.

Ruiz and Balentine then filed what purports to be a civil suit in a Travis County District Court seeking injunctive or declaratory relief regarding the drugs to be used in their respective executions. Fratta and Brown subsequently intervened in the suit. Relator (Paxton) asked this Court to grant prohibition relief.

On January 4, 2023, we granted leave to file the application and ordered the Respondent, the Honorable Catherine A. Mauzy, "to refrain from issuing any order purporting to stay the January and February executions of Harris County death row inmate Robert Alan Fratta, Dallas County death row inmate Wesley Ruiz, or Potter County death row inmate John Lezell Balentine." *In re State of Texas ex rel. Ken Paxton*, No. WR-94,432-01 (Tex. Crim. App. Jan. 4, 2023) (not designated for publication).

On this day, Respondent issued a Temporary Injunction in this case. In the injunction, Respondent claims that the district court is not staying the executions of any of the four plaintiffs in the case. Rather, she is simply enjoining the defendants "from

---

[1] The temporary injunction lists the issuing court as the 345th District Court.

committing certain acts while conducting the executions of Plaintiffs."  But this injunction circumvents this Court's mandates and the orders of the inmates' convicting courts.  And it is in violation of our order "to refrain from issuing any order purporting to stay the" executions of the various inmates.

As such, we immediately vacate the temporary injunction issued by Judge Mauzy.

Delivered:            January 10, 2023
Do Not Publish